**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUCAS HORTON, § | |
| Plaintiff, § | |
| § | |
| V § | 3-22CV2475-E |
| § | |
| 360 Digital Media, LLC § | |
| Defendant. § | |

## COMPLAINT

Plaintiff Lucas Horton ("Plaintiff") brings this Complaint against 360 Digital Media, LLC ("Defendant") for various reasons. First, is their practice of sending unwanted texts to consumers without their express written consent. Second, is the Defendant's practice of texting consumers who are the National Do Not Call List using an ATDS, Third, is their practice of making telephone solicitations without the required license. Fourth, is to obtain damages and other redress caused by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

## JURISDICTION & VENUE

The Court has subject matter jurisdiction over this action pursuant Texas Business and Commerce Codes 305.053 ("TX 305"), 302.101 (TX 302) as well as 28 U.S.C. § 1331, as the main action arises under the Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(A), and 47 U.S.C. § 227(c)(3)(F)('TCPA'), both of which provide for separate private rights of action. Plaintiff also makes claims under § 64.1200(d). The Court has personal jurisdiction because both parties reside in Dallas county, which is also where the offenses occurred.

## PARTIES

Plaintiff is an individual who resides in Dallas County, Texas. Defendant is a corporation incorporated and existing under the laws of the State of Texas whose primary place of business, corporate headquarters, and Registered Agent, Salman Yousuf, is located at 1910 Pacific Ave, #8025, Dallas, TX 75201 according the most recent filing with the Texas Secretary of State.

## FACTS

1. TX 305.053 states that, " (a) A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: $500 for each violation; or... If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of: $1,500 for each violation;".

2. It is a violation of Section 227(c) to make or transmit a telephone solicitation to any person who is a subscriber to the do not call registry. 47 U.S.C. 227(c)(3)(F). Individuals have a private right to action "to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater . . . ." 47 U.S.C. 227(c)(5)(B). If the Court finds that the defendant's violation was committed willfully or knowingly, the Court may treble plaintiffs award. 47 U.S.C. 227(c) (5).

3. Under the TX 302, a seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made.

4. 47 U.S.C. § 227(b)(1)(A) states that, "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States

- to initiate any telephone call to any residential telephone line using an ATDS without the prior express consent of the called party.

5. 47 CFR 64.1200(d)(1) requires that Defendant have a written telemarketing policy; they do not.

6. Plaintiff is the owner and customary user of a cellphone number ending in 9931 and has been on the National DNC list since 2011.

7. At no time did Plaintiff ever provide his cellphone number to Defendant or provide Defendant, or any of Defendant's agents or 3rd party marketers, with any kind of written or verbal prior express consent to text him.

8. Prior to receiving the texts, Plaintiff had no relationship with Defendant, had never provided his telephone number directly to Defendant, and had never requested that Defendant or any of its proxies place text to him or to offer him any services.

9. On 5/10/21, Plaintiff filed a complaint in small claims, cause # JS21-00143D, for texts he had received from the Defendant prior to that.  The Defendant ended up settling and the Plaintiff dismissed the case on 6/2/21, yet the Defendant continued to text the Plaintiff.

10. Plaintiff was texted by:

844-963-1402 on 3/12/21
833-316-2225 on 3/23/21
844-481-1160 on 3/31/21
833-955-3764 on 4/13/21
833-961-2120 on 4/16/21
833-961-2080 on 4/20/21
833-961-1964 on 4/22/21
833-948-0998 on 4/26/21
833-357-1347 on 4/30/21
833-600-1940 on 5/12/21
855-751-1070 on 5/26/21
877-214-7180 on 5/27/21
855-996-0237 on 5/31/21
866-528-7507 on 6/14/21
276-231-7147 on 6/15/21
866-525-4699 on 6/17/21
833-507-1207 on 6/25/21
833-987-3626 on 7/6/21

833-575-9628 on 7/29/21
833-717-1190 on 11/16/21
833-690-2058 on 11/15/21
833-365-2570 on 11/15/21
833-82-00823 on 11/17/21
888-683-0557 on 9/29/21
888-693-0572 on 10/14/21
833-435-0755 on 10/13/21
630-568-1609 on 1/25/22
855-955-4019 on 3/28/22
844-902-2940 on 4/28/22
781-371-8936 on 5/6/22
833-705-0791 on 5/5/22
855-610-3447 on 5/19/22
630-568-1603 on 1/20/22
833-940-3824 on 9/14/22
844-918-3573 on 9/28/22
877-618-5265 on 10/19/22

11. All texts featured generic links to the Defendant's websites and were soliciting ghostwriting services.

12. When the text featured opt out language, and not all did as required under the TCPA, the Plaintiff would reply "STOP", yet the texts kept coming.

## COMMON FACTUAL ALLEGATIONS

13. All of the texts at issue were made on by or behalf of, for the benefit of, or with the knowledge and with the approval of the Defendant.

14. Rather than adhere to the requisite rules regarding obtaining consent prior to engaging in telemarketing and abstaining from the use of an ATDS, Defendant repeatedly place texts to consumers who have never provided consent (either orally or in writing) to receive such texts. By placing the texts without first obtaining prior express written consent, the telemarketing license and with pre-recorded messages, Defendant plainly violates the TCPA, 47 U.S.C. § 227, *et seq*, and TX 305.

15. By making unauthorized telemarketing text, Defendant have caused the Plaintiff actual harm. This includes loss of productivity, the aggravation, nuisance and invasions of privacy that result

from the receipt of such calls. This is in addition to the wear and tear on his telephone, consumption of battery life, lost ability to place outgoing calls or texts and other interruption in use, cellular minutes, loss of value realized for the monies he paid to his carrier for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans. Robocalls take actual time to deal with and lost time is a real injury. Plaintiff is a custom jeweler and many time the phone rings while he is designing a piece of jewelry. Not only is this annoying. But many times, he will lose where he is in the design as he must let go of his mouse. He also loses his track of thinking.

16. Furthermore, Defendant (or a third-party acting on their behalf and for their benefit) sent the texts knowing that they trespassed against and interfered with Plaintiff's use and enjoyment of, the ability to access his telephone, including the related data, software, applications, and hardware components. As such, Defendant not only invaded the personal privacy of Plaintiff, they also intentionally, repeatedly, and willfully violated the TCPA.

17. In response to Defendant's unlawful conduct, Plaintiff files the complaint and seeks an injunction requiring Defendant and its proxies to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b)(1)(A)
### Telephone Consumer Protection Act

Plaintiff incorporates the foregoing allegations as if fully set forth herein. Using an ATDS, the Defendant, or its proxy, texted the Plaintiff with the Defendant's consent, knowledge, and for its benefit without having any consent to do so from the Plaintiff. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 in a civil fine for the offense. However, Plaintiff seeks treble damages of $1500 per call due to the willful nature of these texts, coming

after the Defendant had already settle a previous lawsuit for illegal texts, under 47 U.S.C. § 227(b)(3)(C) for willful and/or knowing conduct. The calls came from spoofed Texas phone numbers, which is an attempt to hide their identity because they know what they are doing is illegal. They also use a various, fake business name for the same reason.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C.. § 227(c)(3)(F)
### Telephone Consumer Protection Act

Plaintiff incorporates the foregoing allegations as if fully set forth herein. The Plaintiff has been on the National Do Not Call List since 2011 because he does not want to be called or texted by entities who do not have his permission. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 to $1500 in a civil fine for each offense under 227(c)(3)(5)(B). However Plaintiff seeks treble damages of $1500 per call due to the willful nature of these texts coming after the Defendant had already settle a previous lawsuit for illegal texts .

## THIRD CAUSE OF ACTION
### Violation of § 64.1200(d)(1)
### Failure to Maintain Written Telemarketing Policy

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(1) requires that the Defendant have a written telemarketing policy. Defendant did not respond to Plaintiff's request for the DCN policy and they obviously do not think the TCPA applies to them. Plaintiff is entitled to an award of at $500 to $1500 in damages for each such violation under 47 U.S.C. § 227(c)(5)(B). Plaintiff seeks treble damages of $1500 per call due to the willful nature of these texts coming after the Defendant had already settle a previous lawsuit for illegal texts .

## FOURTH CAUSE OF ACTION
### Violation of TX 305
### Texas State TCPA Law

Texas Business and Commerce Code § 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a

regulation adopted under that provision ... against the person who originates the communication .... " Tex. Bus. & Com. Code § 305.053(a).  Therefore, the elements of a § 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021).  Plaintiff is entitled to an award of $500 in damages for each violation under § 305.053(b)(1).  Plaintiff seeks treble damages of $1500 per call due to the willful nature of these texts coming after the Defendant had already settle a previous lawsuit for illegal texts .

## FIFTH CAUSE OF ACTION
### Violation of 47 CFR § 64.1200(d)(4)
### Failure to Provide Identifying Information

Plaintiff incorporates the foregoing allegations as if fully set forth herein.  47 CFR 64.1200(d)(4) requires that Defendant provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

Defendants texts did not fulfill this requirement. Plaintiff is entitled to an award of $500-1500 in damages for each violation. 47 U.S.C. § 227(c)(5)(B). Plaintiff seeks treble damages of $1500 per call due to the willful nature of these texts coming after the Defendant had already settle a previous lawsuit for illegal texts .

## SIXTH CAUSE OF ACTION
### Violation of TX 302
### Telemarketing Without the Mandated Business License

Plaintiff incorporates the foregoing allegations as if fully set forth herein.  TX 302 prohibits sellers from engaging in telephone solicitations from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.  It also provides that a person

who violates this chapter is subject to a civil penalty of no more than $5000 per violation. Furthermore, it provides that the party bringing the action is entitled to recover all reasonable costs of prosecuting the action, including court costs, investigative costs, deposition expenses, witness and attorney fees.

## Prayer For Relief

WHEREFORE, Plaintiff Lucas Horton prays for judgment against the Defendant as follows:

A. An injunction enjoining the Defendant and their affiliates from engaging in the unlawful conduct set herein;

B. An award of $1500 per call for Causes of Action 1-5 for the 36 texts received by the Plaintiff.

C. An award of $5000 per text (36) for the 6th cause of action.

D. An award of damages to the Plaintiff, as allowed by under the TCPA.

E. An award to the Plaintiff of interest, costs and attorney's fees, as allowed by law and equity: and

F. Such further relief as the Court deems necessary, just, and proper.

## Demand For Jury Trial

Please take notice that the Plaintiff demands a jury trial in this case

Dated: 11/4/2022     Respectfully submitted,

*/s/ Lucas Horton*

_____

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080

Tel: (214) 909-3341

JS 44 (Rev. 10/20) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lucas Horton

**DEFENDANTS**
360 Digital Media, LLC

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lucas Horton, pro se litigant
1202 Stratford Dr, Richardson, Tx 75080  214 909 3341

Attorneys *(If Known)*

RECEIVED
NOV - 4 2022
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [✓] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | [x] 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227

Brief description of cause:
TCPA violations of making calls with an ATDS to a consumer on the DNC list

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 199,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 11/4/2022

SIGNATURE OF ATTORNEY OF RECORD: Lucas Horton, pro se plantiff

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____