**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LUCAS HORTON,** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:22-CV-2475-E-BH |
| | § | |
| **360 DIGITAL MEDIA, LLC,** | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's *Motion for Default Judgment,* filed January 4, 2023 (doc. 11), should be **DENIED**.

**I. BACKGROUND**

Lucas Horton (Plaintiff) sues 360 Digital Media, LLC (Defendant) for alleged violations of 47 U.S.C. §§ 227(b)(1)(A) and 227(c)(3)(F) of the Telephone Consumer Protection Act (TCPA), 47 C.F.R. §§ 64.1200(d)(1) and (4), and §§ 305.053 and 302.101 of the Texas Business and Commerce Code. (doc. 3 at 5-8.)[2]

Plaintiff contends that he is the owner and customary user of a cell phone number ending in 9931 who has been on the national do not call (DNC) list since 2011. (*Id.* at 3.) Prior to receiving texts from it, he had no prior relationship with Defendant and had never requested it offer him any services, and at no time did he provide it, its agents, or its third party marketers his cell phone number or consent to the receipt of texts from them. (*Id.*) He began receiving unwanted texts in March 2021, and on May 10, 2021, he filed suit against Defendant in small claims court for the texts he had received prior to that time. (*Id.*) The parties settled the case, and Plaintiff dismissed it on June

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2, 2021. (*Id.*)

Despite the settlement, Defendant continued to text Plaintiff even while the lawsuit was pending, and after its dismissal, it sent him 23 texts that "featured generic links to the Defendant's websites and were soliciting ghostwriting services." (*Id.* at 3-4.) Not all texts contained "opt out language", but Plaintiff replied "STOP" to those that did, "yet the texts kept coming." (*Id.* at 4.) He claims that "[a]ll of the texts at issue were made on by or behalf of, for the benefit of, or with the knowledge and with the approval of [] Defendant." (*Id.*) "The calls came from spoofed Texas phone numbers [in] an attempt to hide their identity because they know what they are doing is illegal. They also use a various, fake business name for the same reason." (*Id.* at 6.) The unauthorized texts caused him "loss of productivity, the aggravation, nuisance and invasions of privacy ...[,] wear and tear on his telephone, consumption of battery life, lost ability to place outgoing calls or texts and other interruption in use, cellular minutes, loss of value realized for the monies he paid to his carrier for the receipt of such calls, and other diminished use, enjoyment, value, and utility" of his cell phone. (*Id.* at 4-5.) Because it had previously settled the prior lawsuit, Plaintiff claims that "Defendant (or a third-party acting on their behalf and for their benefit) ... "intentionally, repeatedly, and willfully violated the TCPA" by continuing to text him. (*Id.* at 5-7.)

On November 4, 2022, Plaintiff filed this lawsuit against Defendant under the TCPA, its implementing regulations, and the Texas Business and Commerce Code. (*Id.* at 5-8.) He seeks an injunction requiring it "and its proxies to cease all unsolicited telephone calling activities to consumers", statutory damages (including treble damages), costs, and pre- and post-judgment interest for 36 texts sent to his telephone between March 12, 2021 and October 19, 2022, including 13 texts received prior to his dismissal of his prior small claims court lawsuit against Defendant.

(*Id*. at 3-8.) He seeks treble damages of $1500 under §§ 227(b)(1)(A) and (c)(3)(F), §§ 64.1200(d)(1) and (4), and § 305.053, plus $5000 under § 302.101, for a total of $234,000 in damages. (*Id.* at 5-8.)

Plaintiff's complaint alleges that "according to the most recent filing with the Texas Secretary of State," Defendant's registered agent is Salman Yousef at 1910 Pacific Avenue, Suite 8025, Dallas, Texas. (*Id.* at 3.) On December 29, 2022, he filed proof of service reflecting service by a third party on an individual named Salman Yousef at 1910 Pacific Avenue, Suite 8025, Dallas, Texas, on November 14, 2022, and he requested entry of default by the Clerk. (*See* docs. 7, 9.) The next day, on December 30, 2022, he filed a document entitled, "Telephone Solicitors Search" for "360 digital media" and a separate document entitled "Business Organizations Inquiry" reflecting that the registered agent for "360 Digital Marketing LLC" is Salman Yousef at 1910 Pacific Avenue, Suite 8025, Dallas, Texas. (docs. 8, 8-1.) The Clerk entered default against Defendant, which is similarly named as "360 Digital *Media* LLC", on December 30, 2022. (doc. 10.) Plaintiff moved for default judgment against Defendant on January 4, 2023. (doc. 11.) On August 29, 2023, the Clerk withdrew the entry of default because the proof of service does not appear to comply with Fed. R. Civ. P. 4. (*See* doc. 14.)

## II. DEFAULT JUDGMENT

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure for seekng the entry of default judgment. *See* Fed. R. Civ. P. 55.  A default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  An entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id*.; *N.Y. Life Ins.*, 84 F.3d at

141; *see also Jefferson v. Louisiana Dept. of Public Safety and Corrections*, 401 F. App'x 927, 929 (5th Cir. 2010) ("There are two steps in the default judgment process—one for the clerk, and one for the court. The first step is entry of default. If the plaintiff files a sufficient application for entry of default, "the clerk must enter the party's default."). After entry of default, a party may apply to the clerk or the court for a default judgment. *See* Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141; *Jefferson*, 401 F. App'x at 929 ("The second step is consideration of a default judgment."); *Alvarado Martinez v. Eltman Law, P.C.*, 444 F.Supp. 3d 748, 752 (N.D. Tex. 2020) ("Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff.").

Here, while the Clerk initially entered default against Defendant, the entry of default has now been withdrawn because the proof of service does not appear to comply with Rule 4. (*See* doc. 13.) Withdrawal appears appropriate because Plaintiff filed proof of service on the registered agent for "360 Digital *Marketing* LLC", but Defendant is named "360 Digital *Media* LLC". There is no evidence in the record that Plaintiff has served Defendant. Notwithstanding the Clerk's withdrawal of the entry of default, and to the extent required, this constitutes good cause to set it aside. *See* Fed. R. Civ. P. 55(c); *Koerner v. CMR Const. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) . Plaintiff cannot satisfy the second requirement for a default judgment, i.e., entry of default.

Without entry of default, there is no basis for entry of a default judgment. *See Coleman v. FEMA*, No. 3:18-CV-3408-M-BH, 2019 WL 2124897, at *1 (N.D. Tex. Apr. 9, 2019); *see also* Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141; *Jefferson*, 401 F. App'x at 929; *Alvarado Martinez*, 444 F.Supp. 3d at 752. Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)

(quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Here, because the entry of default in this case has been withdrawn, entry of default judgment against the defendant is not warranted. *See Broad. Music, Inc. v. Double V&S, LLC*, No. CV SA-16-CA-1228-XR, 2017 WL 7052272, at *2 (W.D. Tex. Nov. 7, 2017) (denying motion for default judgment where entry of default was erroneous); *Easterling v. U.S. Bank Nat'l Ass'n*, No. 3:18-CV-2528-C-BH, 2019 WL 507277, at *3 (N.D. Tex. Jan. 24, 2019) (finding that the plaintiff was not entitled to default judgment as a matter of right because it had been recommended that the entry of default be set aside, so he could not satisfy the second requirement for a default judgment), *report and recommendation adopted*, No. 3:18-CV-2528-C-BH, 2019 WL 502042 (N.D. Tex. Feb. 8, 2019).

### III. RECOMMENDATION

Plaintiff's motion for default judgment should be **DENIED**.

**SO RECOMMENDED** on this 30th day of August, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE