IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS HORTON, | § | |
|       Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:22-CV-2475-E-BH |
| | § | |
| 360 DIGITAL MEDIA, LLC, | § | |
|       Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, this case should be **DISMISSED** without

prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m) by serving them within 90 days.

## I. BACKGROUND

On November 4, 2022, Lucas Horton (Plaintiff) sued 360 Digital Media, LLC (Defendant)

for alleged violations of 47 U.S.C. §§ 227(b)(1)(A) and 227(c)(3)(F) of the Telephone Consumer

Protection Act (TCPA), 47 C.F.R. §§ 64.1200(d)(1) and (4), and §§ 305.053 and 302.101 of the

Texas Business and Commerce Code.  (doc. 3 at 5-8.)[2]  He seeks an injunction requiring it "and its

proxies to cease all unsolicited telephone calling activities to consumers", statutory damages

(including treble damages), costs, and pre- and post-judgment interest for 36 texts sent to his

telephone between March 12, 2021 and October 19, 2022, including 13 texts received prior to his

dismissal of his prior small claims court lawsuit against Defendant.  (*Id*. at 3-8.) He seeks treble

damages of $1500 under §§ 227(b)(1)(A) and (c)(3)(F), §§ 64.1200(d)(1) and (4), and § 305.053,

plus $5000 under § 302.101, for a total of $234,000 in damages. (*Id.* at 5-8.)  Plaintiff's complaint

alleges that "according to the most recent filing with the Texas Secretary of State," Defendant's

---

[1]By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

registered agent is Salman Yousef at 1910 Pacific Avenue, Suite 8025, Dallas, Texas.  (*Id.* at 3.)

On November 7, 2022, the Court issued an order stating:

Because he paid the fee, the plaintiff is now responsible for serving the defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure.  If a defendant is not served within 90 days after the filing of the complaint, the action is subject to dismissal against that defendant without prejudice.  *See* Fed. R. Civ. P. 4(m).  In addition, Fed. R. Civ. P. 4(l)(1) requires the plaintiff to file proof of service with the Court unless service is waived.  This proof must consist of "the server's affidavit" if service was not accomplished by the United States Marshal or a deputy marshal. *Id.*  If the plaintiff does not file a valid return of service or otherwise show that a defendant was properly served, this action may be dismissed against that defendant.

(*See* doc. 6.)  The order also directed the clerk to mail Plaintiff summons forms and a copy of Rule 4.  The docket reflects that the documents were served with the order, and that the Clerk's Office had previously issued summonses. (*See id.*; doc. 4.)

On December 29, 2022, Plaintiff filed proof of service reflecting that on November 14, 2022, a third party served an individual named Salman Yousef at 1910 Pacific Avenue, Suite 8025, Dallas, Texas, and he requested entry of default against Defendant by the Clerk.  (*See* docs. 7, 9.) The next day, on December 30, 2022, he filed a document entitled, "Telephone Solicitors Search" for "360 digital *media*" and a separate document entitled "Business Organizations Inquiry" reflecting that the registered agent for "360 Digital *Marketing* LLC" is Salman Yousef at 1910 Pacific Avenue, Suite 8025, Dallas, Texas. (docs. 8, 8-1.) The Clerk then entered default against Defendant, which is similarly named "360 Digital *Media* LLC", on December 30, 2022. (doc. 10.) Plaintiff moved for default judgment against Defendant on January 4, 2023. (doc. 11.) On August 29, 2023, the Clerk withdrew the entry of default because the proof of service did not appear to comply with Fed. R. Civ. P. 4.  (*See* doc. 14.)  The complaint shows that Plaintiff sued "360 Digital *Media* LLC", but he only provided proof of service on the registered agent for a different entity with a similar name, "360

2

Digital *Marketing* LLC".  There is no evidence in the record reflecting that Salman Yousef is the registered agent for Defendant, that the entities are in any way related, or that Plaintiff has served the defendant that he actually sued, "360 Digital *Media* LLC".

By order dated August 30, 2023, Plaintiff was expressly notified that he had failed to file a valid return of service on the defendant he actually sued, "360 Digital *Media* LLC", or otherwise show that it has been timely served, and it has not appeared.  (*See* doc. 18.)  He was also notified that this action was subject to dismissal under Rule 4(m) for failure to file a valid return of service or otherwise show that it had been served within 90 days of the filing of the complaint. (*See id.*)  He was ordered to file a valid return of service or show good cause in writing why service could not be made on Defendant no later than September 13, 2023. (*See id.*) The order expressly stated that if Plaintiff failed to comply with the order, dismissal of the case would be recommended without further notice. (*See id.*) As of this date, Plaintiff has not filed a valid return of service for the defendant he sued, "360 Digital *Media* LLC".

## II. RULE 4(m)

Because he paid the filing fee, Plaintiff was responsible for serving Defendant with a summons and a copy of the complaint as provided by Rule 4(c) of the Federal Rules of Civil Procedure. He was required to make proper service within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). He was also required to file proof of service, unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" when service is not effected by a United States marshal or deputy marshal. *Id.*

Here, Plaintiff named "360 Digital *Media* LLC" as the defendant but he filed proof of service for "360 Digital *Marketing* LLC". There is no evidence in the record showing that the registered

agent for "360 Digital *Marketing* LLC", Salman Yousef, is also the registered agent for Defendant, "360 Digital *Media* LLC".   There is no evidence in the record that the entities are in any way related, and Plaintiff has not shown that he served the defendant that he sued, "360 Digital *Media* LLC".

When proper service is not made within 90 days of filing a complaint, an action is subject to *sua sponte* dismissal without prejudice. Fed. R. Civ. P. 4(m). Dismissal is not proper "if the plaintiff shows good cause for the failure" to properly accomplish service, however. *Id.* In the Fifth Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). "[T]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). The plaintiff bears the burden to show good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Even if the plaintiff fails to show good cause, a court has the discretionary power to extend the time for service instead of dismissing the case without prejudice. *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21). Exercise of this discretionary power "may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ.

P. 4(m) advisory committee's note (1993)).

Here, more than 90 days have passed since Plaintiff filed this action, but he has not shown that he accomplished service on "360 Digital *Media* LLC" despite being specifically advised of the defect in service.  He has failed to file a valid return of service as to the named defendant and has elected to stand on his service on a different but similarly named defendant despite notice of the defect, so he has not met his burden to show cause for the failure to properly serve Defendant. He has not shown anything that supports the exercise of discretion to provide more time to accomplish service.  Accordingly, no extension of time is required, and dismissal of the action is warranted. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308–09 (5th Cir. 2018) (per curiam) (finding that the district court did not abuse its discretion in dismissing an action without prejudice for lack of timely service where the plaintiff did not follow state law for service of summons or file the requisite proof to establish that the defendant acknowledged service of process).

### III.  RECOMMENDATION

This case should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m), and judgment should be entered unless the plaintiff files a valid proof of service for the named defendant within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 20th day of September, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE